JOHNSON, J.,
dissents from the PER CURIAM and assigns reasons.
hThe Court of Appeal was correct in its review of the State’s evidence and correctly applied the principles set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and La. C.Cr.P. art. 821 before reversing C.D.’s adjudication.
In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676, 678 (La.1984). Additionally, when circumstantial evidence forms the basis of the conviction, the evidence, “assuming every fact to be proved that the evidence tends to prove ... must exclude every reasonable hypothesis of innocence.” R.S. 15:438.
In vacating the juvenile court’s delinquency adjudication, the Court of Appeal noted the State’s ease rested entirely on the uncorroborated testimony of Officer Dobard, which did not negate every reasonable hypothesis of innocence, especially given the fact that when the officers searched the residence under surveillance at 2033 Wagner Street, C.D. was not found there. At the time of his arrest, C.D. had on different clothes than the person Officer Dobard had observed engaged in an alleged hand-to-hand transaction at the Wagner Street residence. C.D. had no drugs on his ^person, and several people, including Annaise Rashad Esteen, who pled guilty to possession of pills stemming from the search of the Wagner Street residence, testified that C.D. was not present at the Wagner Street house.